**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE RAUL JAQUEZ
               Plaintiff-Appellant,

  v.

ANDREW M. SAUL, COMMISSIONER
OF SOCIAL SECURITY,

               Defendant-Appellee.

No. 19-56235

D.C. No.
3:18-cv-00536-GPC-BGS

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted March 3, 2021
Pasadena, California

Before: GRABER, MILLER, and LEE, Circuit Judges.

Jose Jaquez asks this court to reverse the Social Security Commissioner's

denial of disability and Supplemental Social Security Income benefits. We have

jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The Administrative Law Judge ("ALJ") relied on the testimony of a vocational

expert ("VE") in determining that Jaquez could find substantial gainful employment

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

as a counter clerk or usher. The district court adopted the magistrate judge's recommendation to deny Jaquez's appeal, finding that substantial evidence supports the ALJ's decision. On appeal, the Commissioner concedes that the ALJ erred about the counter clerk position but maintains that substantial evidence supports its determinations about the usher occupation.

We review an ALJ's factual findings for "substantial evidence." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019); 42 U.S.C. § 405(g). Given the Commissioner's concession on the counter clerk position, we must decide only whether substantial evidence supports the ALJ's finding that Jaquez could work as an usher. We conclude that it does not.

The VE testified that there were 90,200 available usher positions in the national economy. But Jaquez submitted evidence suggesting that 90% of ushers work part-time. The agency's Program Operations Manual System in effect at the time of Jaquez's hearing required a claimant to earn at least $1130 per month to engage in substantial gainful employment. POMS DI 10501.015, tbl. 2 (calendar year 2016). The non-binding manual, in conjunction with Jaquez's evidence, suggests that there may not be a significant number of usher jobs in the national economy constituting substantial gainful employment. Specifically, Jaquez's brief before the Appeals Council stated that the median pay for ushers was $9.58 per hour. Consequently, Jaquez would need to work roughly 29.49 hours per week to meet the manual's

2

threshold. The record does not reveal what percentage of the usher jobs identified by the VE are available for at least 29.49 hours per week. All we know is that 10% of ushers, (or 9,020 ushers) work at least forty hours per week.

We are not positioned to engage in fact-finding in a Social Security claim. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (recognizing that federal courts "are not triers of fact").[1] Instead, that responsibility rests with the ALJ, who did not consider this evidence or argument. Although ALJs are not required to develop the record in anticipation of any conflict, they must nevertheless base their decisions on substantial evidence. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 n.6 (9th Cir. 2018). Given the ambiguity about the availability of substantial gainful employment as an usher, we reverse and remand the case for further proceedings.[2]

**REVERSED and REMANDED**.

---

[1] Because it is now moot, we also deny Jaquez's motion to remand. **Dkt. 27**.

[2] The Commissioner argues that Jaquez forfeited or waived this issue because he did not present this evidence before the ALJ. But it appears that the Appeals Council considered this evidence in denying Jaquez's appeal. Jaquez thus neither waived nor forfeited this challenge. *See Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157 (9th Cir. 2012).